**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

SUNG KI CHOE,

      Plaintiff,

v.

TRANS UNION LLC

      Defendant

## COMPLAINT

Sung Ki Choe ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Trans Union LLC (hereinafter referred to as "*Trans Union*" or *"Defendant"*) as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681 *et seq*.

2. This action is commenced against the Defendant for reporting obsolete information on Plaintiff's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681c(a)(5).

3. Plaintiff brings this action in order to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of obsolete information in Plaintiff's consumer background reports which continues to affect Plaintiff's creditworthiness and credit score.  As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

4. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting

in its violative behaviors.

## JURISDICTION AND VENUE

5. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Sung Ki Choe is an individual who is a citizen of the State of Colorado residing in Arapahoe County, Colorado.

8. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c).

9. Defendant Trans Union is a CRA as defined under 15 U.S.C. 1681a(f), that regularly conducts business in this judicial district.

10. Defendant Trans Union is an Illinois corporation which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661, is registered to do business in the State of Colorado and conducts substantial business there. Trans Union may be served with process upon Corporation Service Company, its registered agent for service of process at 80 State Street, Albany NY 12207.

11. Defendant Trans Union by contractual agreement, disbursed consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

12. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

> (a)(1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

2

(4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

13. The FCRA mandates that CRAs adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

14. CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

15. Plaintiff has a legally protected interest in the Defendant fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

16. Plaintiff's injury is particularized and actual and is directly traceable to Defendant's conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## **FACTUAL ALLEGATIONS**

17. Plaintiff Sung Ki Choe was recently denied for credit card based upon her credit report with Trans Union.

18. Plaintiff learned shortly thereafter that numerous obsolete accounts were still being reported on her credit report that should have been removed.

19. These three separate accounts were charged off accounts reporting under the heading "Accounts with Adverse Information", each with delinquencies older than seven years:

- Bank of America, N.A. (hereinafter referred to as "BANA" account)

- State Farm Bank;

- US Bank of CACS CC (hereinafter referred to as "US Bank" account)

20. According to Trans Union's own reporting, the BANA account was scheduled to be removed from Plaintiff's Trans Union account by October 2019, but continues to be reported as of the date of this complaint, November 3, 2021, more than two years later. Upon information and belief, the account should have been scheduled to be removed sooner than the October 2019 date. *See* relevant image excerpt of the BANA tradeline from Plaintiff's Trans Union credit report pulled on November 3, 2021 annexed as **Exhibit A**.

21. According to Trans Union's own reporting, the US Bank account was scheduled to be removed from Plaintiff's Trans Union account by May 2021, but continues to be reported as of the date of this complaint, November 3, 2021, more than four months later. Upon information and belief, the account should have been scheduled to be removed sooner than the May 2021 date. *See* relevant image excerpt of the US Bank tradeline from Plaintiff's Trans Union credit report pulled on November 3, 2021 annexed as **Exhibit B**.

22. According to Trans Union's own reporting, the State Farm Bank account was scheduled to be removed from Plaintiff's Trans Union account by November 2021, but continues to be reported for more than four months thereafter. Upon information and belief, the account should have been scheduled to be removed sooner than the November 2021 date. *See* relevant image excerpt of the State Farm Bank tradeline from Plaintiff's Trans Union credit report pulled on November 3, 2021 annexed as **Exhibit C**.

23. Upon information and belief, Trans Union failed to maintain reasonable processes and procedures to properly remove obsolete accounts from Plaintiff's credit report and maintain maximum possible accuracy.

24. Upon information and belief, Trans Union failed to follow their existing processes and procedures to properly remove obsolete accounts from Plaintiff's credit report and maintain maximum possible accuracy.

25. As a result of Defendant's conduct in reporting obsolete information Plaintiff's has suffered actual damages through harm to Plaintiff's consumer background

reputation and overall credit score, by missing opportunities to use and benefit from their credit, numerous third parties have received copies of Plaintiff's credit report with this obsolete information and Plaintiff has been denied credit as a result of Defendant's conduct.

26. Plaintiff has also suffered costs in time and money in pulling credit reports, consulting with credit professionals regarding these obsolete accounts and retaining an attorney to resolve this matter due to Defendant's failure to fulfill their obligations as CRA and ensure maximum possible accuracy in allowing obsolete accounts to remain on Plaintiff's credit report for years.

## COUNT I
### Defendant's Violations of the FCRA, 15 U.S.C. §1681e(b)

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28. The Defendant systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

29. 15 U.S.C. § 1681c(a)(5) specifically provides that adverse items of information which antedate the credit report by more than seven years be excluded from a consumer's credit report.

30. The Defendant systemically violated 15 U.S.C. § 1681c(a)(5) by failing to adhere to, maintain and/or establish reasonable procedures to assure obsolete adverse items of information is readily removed from a consumer's credit report.

31. Upon receipt of Plaintiff's disputes, the Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

32. As a result of the Defendant's violations of 15 U.S.C. §1681, Plaintiff suffered actual damages.

33. Upon information and belief, the Defendant's conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

34. In violation of §§ 1681e(b), the Defendant failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting obsolete information in Plaintiff's consumer background report.

35. Defendant failed to have or follow reasonable procedures to ensure that obsolete information is removed from the credit report.

36. Defendant provided consumer credit reports to companies including potential creditors or lenders after the obsolescence period.

37. In violation of § 1681o and § 1681n, the Defendant's conduct was a direct and proximate cause of Plaintiff's injury.

38. The Defendant is liable to Plaintiff for their negligent and willful failure to follow reasonable policies and procedures.

39. As a result of the Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681c(a)(5), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

40. For the foregoing reasons, the Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## JURY DEMAND

41. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendant, as follows:

a   Adjudging that Defendants actions violated the FCRA;

b  Order enjoining Defendant from further violative conduct;

c  Granting Plaintiff actual damages against Defendant pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

d  Granting Plaintiff statutory damages against Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A);

e  Granting Plaintiff punitive damages against Defendant pursuant to 15 U.S.C. § 1681n(a)(2);

f  Granting Plaintiff costs and reasonable attorney's fees against the Defendant pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

g  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h  Such other and further relief as the Court determines is just and proper.

DATED: November 8, 2021

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123707
*Attorneys for Plaintiff*